UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLMAN ENTERPRISES, HOLMAN LEASING & RENTAL, ROBERT DI BELLA, and IRIS NATALE,<br><br>      Plaintiffs,<br><br>   v.<br><br>FIDELITY AND GUARANTY INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 06-6029 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

ARCHER & GREINER, P.C.
By: Ellis I. Medoway, Esq.
    Edward J. Kelleher, Esq.
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033
    Counsel for Plaintiffs

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
By: Gretchen B. Connard, Esq.
7 Regent Street, Suite 711
Livingston, NJ 07039
    Counsel for Defendants Fidelity and Guaranty Insurance
    Company and United States Fidelity and Guaranty Company

**IRENAS**, Senior District Judge:

    This matter comes before the Court on the Motion for

Reconsideration by Defendants Fidelity and Guaranty Insurance

Company and United States Fidelity and Guaranty Company (collectively, the "Fidelity Defendants"). The Fidelity Defendants ask this Court to reconsider its Order Granting Plaintiffs' Motion to Strike the Fidelity Defendants' Expert Report on Bad Faith, dated June 30, 2008. For the reasons set forth below, the Motion for Reconsideration will be denied.

**I.**

The facts and procedural history of this case are discussed at length in this Court's previous partial summary judgment opinion, *see Holman Enterprises v. Fidelity and Guaranty Insurance Co.*, 556 F. Supp. 2d 466, 467-470 (D.N.J. 2008)(Docket No. 58), and opinion on the motion to strike, *see Holman Enterprises v. Fidelity and Guaranty Insurance Co.*, No. 06-6029, — F. Supp. 2d —, 2008 U.S. Dist. LEXIS 50052, at *2-6 (D.N.J. July 1, 2008)(Docket No. 60).

**II.**

A motion for reconsideration may only be granted where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) that vacating the Order is necessary to correct a clear error of law or manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

"To succeed on a motion for reconsideration, a petitioner must present 'something new or something overlooked by the court in rendering the earlier decision.'" *Hernandez v. Beeler*, 129 F. Supp. 2d 698, 701 (D.N.J. 2001)(quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)). "The petitioner should show 'more than a disagreement' with the decision he would like reconsidered." *Id.* (quoting *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

### III.

The Fidelity Defendants make two arguments in support of the present motion. First, they argue that the Court overlooked the opinions of their proffered expert, John Saulino, regarding the reasonableness of the Fidelity Defendants' actions in their handling of the Plaintiffs' claim.[1] Second, the Fidelity Defendants argue that Saulino should be permitted to testify based on his own extensive experience within the insurance industry without citation to industry standards or guidelines.

Both arguments fail to satisfy the stringent standard for a motion for reconsideration. The Fidelity Defendants have neither

---

[1] Saulino's expert report opines on several other issues in addition to the reasonableness of the handling of the Plaintiff's insurance claim. The Fidelity Defendants do not ask the Court to reconsider its decision regarding Saulino's other conclusions.

cited to new changes in the controlling law nor to new evidence not available at the time of the original motion. The Fidelity Defendants do not even assert that vacating the Order is necessary to correct a clear error of law.

Instead, the Fidelity Defendants merely ask the Court to reconsider the arguments previously made in their opposition to the Plaintiffs' motion to strike. The Court already addressed the appropriateness of Saulino's testimony concerning the reasonableness of the conduct of the Fidelity Defendants in the handling of the Plaintiffs' claim. *Holman Enters.*, 2008 U.S. Dist. LEXIS 50052, at *14-15. The Court agreed with the Fidelity Defendants' assertion that, theoretically, an expert witness should be allowed to testify as to the reasonableness of an insurance company's handling of a claim. *Id*. However, the Court further stated that Saulino has not provided the Court with the requisite analysis to support his report and has instead merely recited blanket conclusions. *Id.*

Likewise, the Court did not object to the assertion that Saulino may testify solely on the basis of his industry experience and his review of the documentation relevant to this litigation. Yet, Saulino must actually utilize such experience in a way helpful to the factfinder. Here, while Saulino states that he is drawing from his own industry experience, his report does not provide the necessary explanation or analysis that will

4

aide the factfinder in understanding his blanket conclusions. *Id*.

Because all of the arguments in support of the present motion have already been presented to and addressed by this Court, the Fidelity Defendants are merely asking the Court to re-examine its previous opinion. As such, the Fidelity Defendants have not presented the proper basis for relief on a motion for reconsideration. *See Hunterson v. DiSabato*, 137 F. Supp. 2d 529, 549 (D.N.J. 1999) ("A motion for reconsideration [is not] properly grounded on a request that a court rethink a decision already made.").

**IV.**

For the reasons set forth above, the Fidelity Defendants' Motion for Reconsideration will be denied. The Court will enter an appropriate order.

Dated: August 19, 2008

s/ *Joseph E. Irenas*
**JOSEPH E. IRENAS, S.U.S.D.J.**